IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VAL-COM ACQUISITIONS TRUST and BETSY VALERIA THOMPSON, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 3:10-CV-1214-K |
| CHASE HOME FINANCE LLC, | § § | |
| Defendant. | § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Chase Home Finance LLC's ("Chase") Motion for Summary Judgment (Doc. No. 27). Chase has demonstrated that no genuine issue of material fact exists in regards to any of Plaintiffs Val-Com Acquisition Trust ("Val-Com") and Betsy Valeria Thompson's claims (collectively "the Plaintiffs"). Chase's motion is **GRANTED** and all of the Plaintiffs' claims are **DISMISSED** with prejudice. Judgment will be entered in a separate document.

I.  **Background**

Ms. Thompson borrowed money from Allen Mortgage LLC to buy the house at 1720 Strauss Road, Cedar Hill, Texas in April 2008. Allen Mortgage LLC later transferred ownership of the note, and the accompanying deed of trust, to Chase. Ms. Thompson sold her interest in the home to Val-Com in November 2009, which also assumed Ms. Thompson's obligations under the note and the deed of trust.

The Plaintiffs filed this lawsuit against Chase in Dallas County in Texas state court on May 27, 2010 for a number of claims, including violations of lending disclosure laws and fraud. Chase removed to this Court on June 18, 2010 and filed this motion for summary judgment on April 1, 2011. The Plaintiffs did not file a response.

## II. Summary Judgment Standard

Summary judgment is appropriate when the pleadings, affidavits, and other summary judgment evidence show that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Triple Tee Golf, Inc. V. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007). The moving party bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 322–25. Once a movant makes a properly supported motion, the burden shifts to the non-movant to show that summary judgment should not be granted; the non-movant may not rest upon the allegations in the pleadings, but must support the response to the motion with summary judgment evidence showing the existence of a genuine fact issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255–57 (1986).

A genuine issue of material fact exists if a reasonable jury could return a verdict for the non-moving party in the face of all evidence presented. *Sossamon v. Lone Star State of Texas*, 560 F.3d 316, 326 (5th Cir. 2009). A fact is material if it could affect the

outcome of the lawsuit under the governing law. *Id.* All evidence and reasonable inferences must be viewed in the light most favorable to the non-movant. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

## III. Analysis

The Plaintiffs' live pleading, their amended complaint filed on July 13, 2010, lists the following causes of action: (1) violations of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*; (2) violations of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 *et seq.*; (3) fraud in a real estate transaction, Tex. Bus. & Comm. Code Ann. § 27.01 (Vernon 2009); (4) negligent misrepresentation; (5) a request for declaratory relief; and (6) a request for an injunction. *See* Pl. Amended Compl., Doc. No. 7 at ¶ 23–49. Chase has moved for summary judgment on all claims, and each will be considered below.

### A. TILA claims

The Plaintiffs assert claims under TILA against Chase, which requires lenders to disclose information regarding rates, rights, requirements, and other aspects of a credit transaction. *See generally* 15 U.S.C. § 1631 (2006). Chase's first argument in favor of summary judgment is TILA's statute of limitations. A claims under TILA must be filed within one year of the violation. 15 U.S.C. § 1640(e) (2006). Violations occur at the time of the non-disclosure, when the credit transaction is consummated. *Moor v. Travelers Ins. Co.*, 784 F.2d 632, 633 (5th Cir. 1986). Non-disclosure is not a

"continuing violation for purposes of the statute of limitations." *Id*. Ms. Thompson signed her note and deed of trust on April 19, 2008, App. to Chase's Mot. at 3, and this suit was filed on May 27, 2010, *id*. at 57, more than two years after the transaction was consummated. While the Plaintiffs request equitable relief from the statute of limitations and application of the discovery rule to their TILA claim in their amended complaint, Doc. No. 7 at ¶ 24, they have not responded to Chase's motion for summary judgment based on limitations nor provided any other argument for relief. Therefore, because the Plaintiffs did not bring suit within one year after the alleged violation and have provided no reason for this Court to excuse that failure, their claims are barred by limitations. *See* 15 U.S.C. § 1640(e) (2006).

Even if the Plaintiffs' claims were not barred by limitations, which they are, the Plaintiffs have failed to show Chase is liable for any alleged non-disclosures by Allen Mortgage LLC. As an assignee of the note and deed of trust, Chase was not a party to the original transaction between Ms. Thompson and Allen Mortgage LLC. Because of its status as an assignee, Chase may only be held liable for any potential non-disclosures by Allen Mortgage LLC if the alleged non-disclosures were "apparent on the face of the disclosure statement." 15 U.S.C. § 1641(a) (2006). In their amended complaint, the Plaintiffs do not identify any specific disclosures that Allen Mortgage LLC did not provide. *See* Doc. No. 7 at ¶ 13, 16, 22 (only general statements relating to a lack of disclosures provided by Allen Mortgage LLC, but failing to specifically identify any).

The Plaintiffs are no longer entitled to simply rely upon assertions in their pleadings to survive summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 255–57. Moreover, the Plaintiffs have admitted in deemed admissions that Ms. Thompson received all the disclosures required by TILA and have not moved this Court to set aside those deemed admissions. *See* App. to Chase's Mot. at 29, 35; FED. R. CIV. P. 36(b) ("A matter admitted under this rule is conclusively established. . . .") Because there is conclusive evidence that Ms. Thompson received all disclosures required by TILA when she signed the note and deed of trust and the Plaintiffs have offered no evidence or arguments to the contrary, this Court finds there are no genuine issues of material fact regarding the Plaintiffs' TILA claims and summary judgment is appropriate. *Celotex Corp.*, 477 U.S. at 322.

B.  **RESPA claims**

The Plaintiffs also assert claims under RESPA, which requires mortgage lenders to clearly and completely disclose settlement costs to borrowers and prohibits predatory practices in the settlement process. *See generally* 12 U.S.C. §§ 2605–2608 (2006). For example, § 2607 prohibits kickbacks for referrals related to settlements and § 2608 prohibits sellers from requiring buyers to purchase title insurance from any specific company. 12. U.S.C. §§ 2607, 2608 (2006). Again, Chase's first argument for summary judgment on the Plaintiffs' RESPA claims is based on limitations. A claim for violation of RESPA's disclosure requirements in sections 2607 and 2608 must be brought within

one year of the occurrence.  12 U.S.C. § 2614 (2006).  Because Ms. Thompson signed the note and the deed of trust on April 19, 2008, App. to Chase's Mot. at 3, and this suit was filed on May 27, 2010, *id*. at 5, any claims under § 2607 or § 2608 are untimely.  The Plaintiffs also sought equitable relief and/or application of the discovery rule on their RESPA claims in their amended complaint, Doc. No. 7 at ¶ 26, but did not elaborate on the grounds for relief nor did they submit any response to Chase's motion for summary judgment based on limitations.  Therefore, this Court finds that there is no genuine issue of material fact that any claims the Plaintiffs may have arising under either section 2607 or 2608 of RESPA are barred by limitations.  *See* 12 U.S.C. § 2614 (2006).

Even if the Plaintiffs' RESPA claims are not barred by limitations, which they are, the Plaintiffs have failed to raise a genuine issue of material fact as to Chase's liability for RESPA violations.  As noted, the Plaintiffs must identify genuine issues of material fact at the summary judgment stage and may not point to their pleadings.  *Liberty Lobby*, 477 U.S. at 255–57.  The Plaintiffs fail to identify any disclosures not provided or procedures not followed under RESPA in their amended complaint.  Doc. No. 7 at ¶ 14–16, 22, 25–26.  Through the Plaintiffs' deemed admissions, Chase has established that there were no disclosures which could be determined to be incomplete or inaccurate from the face of the disclosure statements or the documents signed.  App. to Chase's Mot. at 29, 35.  Because Chase has conclusively established that there was no way to

determine that incomplete or inaccurate disclosures may have been made from the face of the disclosure statements or documents signed, and there is no evidence that Chase or Allen Mortgage LLC failed to comply with any other RESPA procedure, this Court finds there is no genuine issue of material fact as to the Plaintiffs' RESPA claims and summary judgment is appropriate. *Celotex Corp.*, 477 U.S. at 322.

### C. Fraud in a Real Estate Transaction claim

The Plaintiffs have asserted claims for fraud in a real estate transaction, which prohibits misrepresentations that induce a buyer to enter into an agreement to purchase real estate. Tex. Bus. & Comm. Code Ann. § 27.01(a) (Vernon 2009). Chase asserts this statutory provision is inapplicable to loan transactions, even when they are secured by land, citing *Burleson State Bank v. Plunkett*, 27 S.W.3d 605, 611 (Tex. App.—Waco 2000, pet. denied). The Plaintiffs have made no argument to the contrary. The Court finds that there is no genuine issue of material fact concerning the Plaintiffs' fraud in a real estate transaction claim and that summary judgment is appropriate. *Celotex Corp.*, 477 U.S. at 322.

Even if the fraud in a real estate transaction statute is applicable to this situation, which it is not, the Plaintiffs have failed to allege any specific misrepresentations that were made by Allen Mortgage LLC or how they were apparent to Chase on the face of the loan documents. Under § 27.01, a plaintiff must show: (1) there was a material misrepresentation; (2) made to induce a person to enter a contract; and (3) the

misrepresentation was relied upon by that person in entering the contract. *Trinity Indus. v. Ashland, Inc.*, 53 S.W.3d 852, 867 (Tex. App.—Austin 2001, pet. denied). The Plaintiffs have not alleged a specific material misrepresentation. This is not a sufficient showing to withstand summary judgment; the non-moving party bears the burden of demonstrating the existence of a genuine issue of material fact once the movant makes a properly supported motion. *Liberty Lobby*, 477 U.S. at 255–57. Because the Plaintiffs have failed to do this, summary judgment is appropriate. *Celotex Corp.*, 477 U.S. at 322.

### D. Negligent misrepresentation claim

The Plaintiffs assert claims for negligent misrepresentation under Texas common law. A claim for negligent misrepresentation requires: (1) a representation made in the course of business or a transaction; (2) that the defendant supplied false information for the guidance of others; (3) the defendant failed to exercise reasonable care or competence in obtaining or communicating the information; and (4) the plaintiff suffered harm by justifiably relying on the information. *Fed. Land Bank Ass'n of Tyler v. Sloane*, 825 S.W.2d 439, 442 (Tex. 1991). The Plaintiffs' claims for TILA and RESPA violations are folded into their claims for negligent misrepresentation, meaning Chase's alleged negligent misrepresentations were the violations of TILA and RESPA. *See* Pl. Amended Compl., Doc. No. 7 at ¶ 33–36. Earlier, this Court found the Plaintiffs have failed to raise a genuine issue of material fact as to their TILA and RESPA claims. Further, the Plaintiffs have admitted in their deemed admissions that they did not rely

upon any alleged misrepresentations made by Chase and that they received all disclosures required by TILA. App. to Chase's Mot. at 29, 35. Accordingly, this Court finds the Plaintiffs have failed to raise a genuine issue of material fact as to their claims for negligent misrepresentation. *Celotex Corp.*, 477 U.S. at 322.

### E. Declaratory Judgment claims

The Plaintiffs seek declaratory relief on a number or issues, consisting largely of Allen Mortgage LLC's TILA and RESPA disclosures and Chase's ownership of the note and deed of trust. *See* Pl. Amended Compl., Doc. No. 7 at ¶ 38. A federal court may declare the rights and other legal obligations of any interested party concerning an actual case and controversy within its jurisdiction. 28 U.S.C. §2201 (2006). A federal court has "unique and substantial discretion" when deciding whether or not to declare the rights of litigants, *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995), and this discretion has been exercised by this district court when declaratory relief overlaps with other claims, *see Montgomery v. Wells Fargo Bank, N.A.*, No. 3:10-CV-1684-D, 2011 WL 1375199, *6 (N.D. Tex. Apr. 12, 2011) (Fitzwater, C.J.). Initially, the Court notes that part of this request for declaratory relief is duplicative of the Plaintiffs' claims under TILA and RESPA. *Compare id.* at ¶ 38 *with id*. at ¶¶ 23–26. In *Montgomery*, Judge Fitzwater granted summary judgment for the defendant on a request for declaratory relief where the request was based upon a substantive claim on which the court had already granted summary judgment: "Montgomery is not entitled to relief because a

reasonable jury could not find in his favor on the predicate claims that support the request for declaratory relief." *Montogmery*, 2011 WL 1375199 at *6. The Court agrees with Judge Fitzwater's reasoning. Because the Plaintiffs' request for declaratory relief is based on claims where this Court has already granted summary judgment, summary judgment is appropriate on the request for declaratory relief as well.

F.  **Injunctive Relief claims**

The Plaintiffs also seek injunctive relief, in the form of an order that would prohibit Chase from conducting a non-judicial foreclosure on the house at 1720 Strauss Road, Cedar Hill, Texas. Pl. Amended Compl., Doc. No. 7 at ¶ 39–49. To obtain injunctive relief, a plaintiff must demonstrate: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the injunction is not issued; (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted; and (4) that the grant of an injunction will not disserve the public interest. *Byrum v. Landreth*, 566 F.3d 442, 445 (5th Cir. 2009). An injunction is an extraordinary *remedy*, one granted when there is a likelihood of success on the merits. 11A Charles Alan Wright et al., Federal Practice and Procedure § 2942 (2d ed. 1995) (emphasis added). It is axiomatic that there must be a cause of action on which the plaintiff is likely to succeed for injunctive relief to be available. *Cf. id.*; *Byrum*, 566 F.3d at 445. Because Chase has demonstrated that no genuine issues of material fact exist as to any of the causes of action asserted by the Plaintiffs, injunctive relief is

not available.

G.   **Request for Mediation and Attorney's Fees**

In their amended complaint, the Plaintiffs requested a referral to mediation pursuant to 28 U.S.C. §§ 651–653. *See* Pl. Amended Compl., Doc. No. 7 at ¶ 50–52. Mediation was ordered in this Court's July 22, 2010 Scheduling Order, Doc. No. 11, and conducted on December 13, 2010, *see* Doc. No. 24. The parties agreed that mediation was attempted but that no agreement could be reached in their status report to this Court. Doc. No. 25. As a result, the Court considers this request for relief in the Plaintiffs' amended complaint fulfilled.

In addition, the Plaintiffs' request reasonable and necessary attorney's fees. Pl. Amended Compl., Doc. No. 7 at ¶ 53. Though the Plaintiffs claim that attorney's fees are "authorized by Federal law and Texas law," *id*., they fail to identify any specific laws that authorize an award of attorney's fees in this case and they have failed to prevail on any of their claims. A plaintiff may recover costs, including attorney's fees, for violations of TILA, but only if the plaintiff is successful on the merits. 15 U.S.C. § 1640(a)(3) (2006). Attorney's fees are also available for fraud in a real estate transaction, but again the plaintiff must first win on the merits. Tex. Bus. & Comm. Code Ann. § 27.01(e) (Vernon 2009). There is a list of claims for which attorney's fees are available to the prevailing party under Texas law, but negligent misrepresentation is not among them. Tex. Civ. Prac. & Rem. Code Ann. § 38.01 (Vernon 2008). Because the Plaintiffs have

failed to identify the source or sources of their request for attorney's fees, and this Court found no authority which would allow an award of attorney's fees to the Plaintiffs in this case, this Court finds that the Plaintiffs are not entitled to attorneys fees as a matter of law.

IV. **Conclusion**

Chase moved for summary judgment on all of the Plaintiffs' claims, and the Plaintiffs failed to file a response. After careful evaluation of Chase's motion, this Court concludes that there is no genuine issue of material fact as to any of the Plaintiffs' claims and summary judgment is appropriate for all of them. Chase's motion for summary judgment is **GRANTED** and all of the Plaintiffs' claims are **DISMISSED with prejudice**. Judgment will be entered in a separate document. FED. R. CIV. P. 58(a).

**SO ORDERED**.

Signed May 19th, 2011.

*Ed Kinkeade*
ED KINKEADE
UNITED STATES DISTRICT JUDGE